**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADEL MIKHAEIL, | Civil Action No. 18-8313 (MAS) (TJB) |
| Plaintiff, | |
| v. | OPINION |
| NEW JERSEY ADMINISTRATIVE OFFICE OF THE COURTS, | |
| Defendant. | |

**SHIPP, District Judge**

Plaintiff Adel Mikhaeil filed a Complaint pursuant to 42 U.S.C. § 1983. (Notice of Removal, Ex. A, ECF No. 1-1.) Presently before the Court is Defendant New Jersey Administrative Office of the Court's ("Defendant AOC") Motion to Dismiss ("Motion"). (Mot., ECF No. 11.) For the reasons stated below, the Court grants the Motion.

## I.   BACKGROUND

Plaintiff's Complaint was filed on or about March 15, 2017, in New Jersey Superior Court. (Notice of Removal, Ex. A.) On April 25, 2018, the matter was removed to Federal Court. (Notice of Removal, ECF No. 1.) Plaintiff alleges a violation of his due process rights based on his denied entry into New Jersey's Intensive Supervision Program ("ISP"). (Notice of Removal, Ex. A, ¶ 1, ECF No. 1.) He raises this claim against the New Jersey Administrative Office of the Courts ("AOC") and the "Administrative Director on behalf of the Administrative Office of the Courts."[1] (*Id.* at ¶ 4.)

---

[1] The Court notes that the case caption names the AOC as the sole Defendant in this action. In Plaintiff's Complaint, however, he also states that he brings suit against the Administrative

Plaintiff alleges that on January 7, 2015, Plaintiff entered into a plea agreement "which called for a guilty plea to conspiracy, official misconduct and theft by deception, in exchange for an aggregate five-year term, with the proviso that after serving six months, the Plaintiff would be permitted to enter the Intensive Supervision Program." (*Id.* at ¶ 5.) The State and sentencing judge agreed to permit Plaintiff to enter ISP after serving six months. (*Id.* at ¶ 6.) After serving six months in prison, Plaintiff applied to enter ISP. (*Id.* at ¶ 7.) On August 18, 2015, Plaintiff's ISP application was denied, for the following reasons: "(a) The offense being of such a nature that consideration for the ISP Program would depreciate the seriousness of the offense; (b) Applicant's needs exceed the scope and resources of the program; and (c) Absence of sincerity and motivation needed to carry out programmatic obligations." (*Id.* at ¶ 8.) Plaintiff re-applied for placement in ISP, and on October 4, 2016, his application was again denied for the same reasons. (*Id.* at ¶ 9.) The second denial additionally stated: "As per the order of the Chief Justice: There shall be no administrative or judicial review at the several levels of eligibility established under the program, nor any appellate review of the Board's substantive decision." (*Id.* at ¶ 10.)

Plaintiff alleges that the reasons given for his denial of entry into ISP violate due process, and are "void for vagueness." (*Id.* at ¶¶ 12-14.) He also argues that because his co-defendant was admitted into ISP, Plaintiff's denial was "arbitrary and capricious." (*Id.* at ¶ 14.) Plaintiff seeks declaratory relief "finding the ISP Program as it exists to deny entry to Plaintiff, but admit co-defendant William Chadwick . . . violated Plaintiff's constitutional rights under the Due Process clause," and injunctive relief, "enjoining the Respondent to provide a meaningful administrative remedy that will require a thorough and transparent review of Plaintiff's constitutional claims."

---

Director of the AOC. (Notice of Removal, Ex. A, ¶ 4.) The Clerk is directed to include the Administrative Director of the AOC as an additional Defendant in this action.

(*Id.* at ¶¶ 16-17.) Defendant AOC seeks to dismiss the Complaint, arguing immunity, lack of subject matter jurisdiction, the claim is barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), and because Plaintiff fails to state a claim for relief. (Def.'s Br., ECF No. 11-2.)

## II. LEGAL STANDARD

In resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[2] "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Furthermore, pro se pleadings are liberally construed. *See Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

---

[2] The Court cites only to the Federal Rule of Civil Procedure 12(b)(6) standard because the Court resolves the Motion under that standard.

3

## III. ANALYSIS

### A. *Due Process Clause*

Defendant AOC argues that the Complaint must be dismissed because Plaintiff fails to demonstrate a violation of his due process rights. (Def.'s Br., ECF No. 11-2.) The Court agrees. ISP is "a program of conditional release from custody—a form of intermediate punishment between incarceration and probation—for certain carefully screened nonviolent offenders." *State v. Abbati*, 493 A.2d 513, 520 (1985). "A three-judge panel is responsible for deciding whether a prisoner should be permitted to enter the ISP." *Smart v. Admin. Off. of the Cts. State of N.J.*, 672 F. App'x 182 (3d Cir. 2017) (citing N.J. Ct. R. 3:21–10(e)).

New Jersey Court Rule 3:21–10(e) provides as follows:[3]

> Motions for change of custodial sentence and entry into the [ISP], as provided for in paragraph (b) of this rule, shall be addressed entirely to the sound discretion of the three-judge panel assigned to hear them. Because of the nature of the program, there shall be no administrative or judicial review at the several levels of eligibility established under the program. No further appellate review of the panel's substantive decision shall be afforded. The three-judge panel shall have the authority to resentence offenders, in accordance with applicable statutes, in the event they fail to perform satisfactorily following entry into the program.

N.J. Ct. R. 3:21-10(e). Plaintiff alleges that his denied entry into ISP, his inability to appeal the denial, and the reasons given for the denial, violate his due process rights.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. Under the Federal Due Process Clause, "[w]e need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest." *Wilkinson v. Austin*, 545 U.S.

---

[3] On October 3, 2018, the Rule was modified slightly to require only a two judge panel, instead of a three judge panel. *See* N.J. Ct. R. 3:21-10, 2018 New Jersey Court Order 0017 (C.O. 0017).

4

209, 221 (2005). Liberty interests under the Fourteenth Amendment arise from either the Due Process Clause of the Fourteenth Amendment or from state law. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). "Once we determine that the interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it." *Newman v. Beard*, 617 F.3d 775, 783 (3d Cir. 2010) (citation and quotation marks omitted). If the interest is not protected, no process is necessary. Thus, Plaintiff must first establish that he had a protected liberty interest in being placed in ISP, which triggered his due process rights. *See Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002) (finding that succeeding on a due process claim requires demonstrating that the plaintiff was deprived of a liberty interest).

The Third Circuit has never addressed the specific question of whether entry into ISP can amount to a protected liberty interest. On the one hand, "a prisoner does not have a liberty interest in remaining in a preferred facility within a state's prison system." *Asquith v. Dep't of Corr.*, 186 F.3d 407, 410 (3d Cir. 1999) (citing *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). On the other hand, "the Court has found protected liberty interests after an inmate is released from institutional confinement." *Id.* In *Asquith*, the Third Circuit held that a state prisoner who lived in a strictly monitored halfway house did not have a protected liberty interest in remaining in the halfway house. 186 F.3d 407. The Third Circuit found that because the prisoner "never left institutional confinement . . . [his] removal from the halfway house did not trigger the protections of the Due Process Clause." *Id.* at 411. The *Asquith* Court distinguished the restrictions of living in a halfway house from that of pre-parole, which is entitled to liberty protection. *Id.* at 410-11.

Other courts have tried to delineate when the Due Process Clause is triggered in similar circumstances. *See Outen v. Prialeau*, No. 12-4166, 2012 WL 6151958, at *7 (E.D. Pa. Dec.10, 2012) (finding that the "[p]laintiff's removal from [a restrictive drug and violence rehabilitation

5

center] did not trigger the protections of the Due Process Clause"); *Gresham v. Intensive Supervision Program*, No. 99-4346, 1999 WL 771075, at *4-5 (D.N.J. Sept. 27, 1999) (finding that a participant's removal from New Jersey's ISP did not create a liberty interest because restrictions of ISP put it squarely within the holding of *Asquith*).

Notably, the Court in *Asquith* and similar cases address only whether a plaintiff is entitled to procedural protections before being removed from a halfway house, ISP, or parole. In this case, Plaintiff challenges his failure to be admitted into ISP. The Court finds this difference critical and damaging to Plaintiff's case. Plaintiff appears to be operating under the assumption that New Jersey Court Rule 3:21-10(e) itself creates a liberty interest. That is not correct. In determining whether a state regulation creates a protected liberty interest, courts must ascertain whether that regulation places "substantive limitations on official discretion." *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, a protected liberty interest will arise only when a state rule or regulation—in this case a New Jersey Court rule—contains "explicitly mandatory language." *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989). New Jersey Court Rule 3:21-10(e) states that entry into ISP is "addressed entirely to the sound discretion of the three-judge panel assigned to hear them." Thus, placement in ISP is not mandatory.

In a somewhat difference context, courts have found that 18 U.S.C. § 3624(c)—which details when the Federal Bureau of Prisons shall place a prisoner in a re-entry program—does not create a protected liberty interest because the language is not mandatory, but "instead a broadly worded statute setting forth a general policy to guide the prison system." *Gilliam v. Holt*, No. 07-0359, 2008 WL 906479, at *10 (M.D. Pa. Mar. 31, 2008) (citing *Gambino v. Gerlinski*, 96 F. Supp. 2d 456, 459-60 (M.D. Pa. 2000). The rule there provides in pertinent part:

> Pre-release custody . . . The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of

> imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

Here, New Jersey Court Rule 3:21-10(e) is even less forceful; entry into ISP is "discretionary." Despite Plaintiff's best efforts, the Court agrees with Defendant AOC that Plaintiff has no protected liberty interest in being placed in ISP. While the sentencing judge may have agreed to permit Plaintiff to be placed in ISP after serving six months of his sentence, entry into ISP is entirely within the discretion of the assigned judicial panel. N.J. Ct. R. 3:21-10(e).

Finally, the Court finds unpersuasive Plaintiff's argument that his due process rights have been violated because he is prohibited from appealing the denied entry into ISP. "[T]he Federal Constitution does not impose on the States an obligation to provide appellate judicial review of even criminal convictions." *Smart*, 672 F. App'x at 183 (citing *Halbert v. Michigan*, 545 U.S. 605, 610 (2005)). In *Smart*, the Third Circuit found that even if "New Jersey law does not provide for appellate review of ISP panel decisions, a lack of appellate review in th[at] context does not violate due process." 672 F. App'x at 183; *see also Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."). For these reasons, the Motion is granted on Plaintiff's Due Process claim.[4]

---

[4] Because the Complaint is dismissed for failure to state a claim for relief, the Court will not address Defendant AOC's other arguments in favor of dismissing the Complaint.

## B.    *Equal Protection Clause*

Defendant AOC construes Plaintiff to raise only a Due Process argument. Construing the Complaint liberally, however, the Court finds that Plaintiff also seeks to raise an Equal Protection argument insofar as Plaintiff's co-defendant was admitted into ISP. (*See* Notice of Removal, Ex. A, ¶ 14) ("The ISP Screening Board's decision-making process is . . . arbitrary and capricious. . . . This is particularly so where the ISP Screening Board admitted the co-defendant William Chadwick, into the ISP Program.") Because this case has never been screened, this Court is permitted to screen the Complaint pursuant to 28 U.S.C. § 1915A.[5]

In order to plead an Equal Protection violation claim, a plaintiff must allege either that he is "a member of a protected class and was treated differently from [others not belonging to that class], or [that] he belongs to a 'class of one' and was treated differently from others similarly situated without any rational basis for the difference in treatment." *Wofford v. Lanigan*, No. 14-5723, 2015 WL 9480016, at *5 (D.N.J. Dec. 28, 2015) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000)). To state a claim under a "class of one" theory, a plaintiff must show that "(1) the defendant treated him . . . differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Overly v. Garman*, 599 F. App'x 42, 43 (3d Cir. 2015) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)).

---

[5] While it appears, based on Plaintiff's mailing address, that he may no longer be incarcerated, the Court may still screen the Complaint. *See Hare v. Plousis*, No. 14-1343, 2015 WL 6739105, at *2 n.1 (D.N.J. Nov. 2, 2015) (explaining that a plaintiff is considered a prisoner for purposes of the Prisoner Litigation Reform Act—which encompasses 28 U.S.C. § 1915A—"if he was a prisoner confined in a correctional facility on the date the complaint was *filed*.") (citing *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002) (emphasis added)).

8

Here, Plaintiff can only prevail on his Equal Protection claim by providing facts establishing that Defendant AOC's action in admitting Plaintiff's co-defendant into ISP, but denying Plaintiff's ISP application, was intentional with no rational basis for the disparate treatment. Plaintiff has not adequately alleged these facts. The statement of reasons denying Plaintiff's entry into ISP indicate that Plaintiff, specifically, was not a proper candidate for ISP: "*Applicant's needs* exceed the scope and resources of the program . . . *[a]bsence of sincerity and motivation* needed to carry out programmatic obligations." (Notice of Removal Ex. A, ¶ 8) (emphasis added). These reasons appear to provide a plausible explanation for the difference in treatment between Plaintiff and his co-defendant. Further, it is not clear whether Plaintiff and his co-defendant pled guilty to the same crimes. For these reasons, Plaintiff's Equal Protection claim is dismissed for failure to state a claim for relief.

## IV. CONCLUSION

For the foregoing reasons, Defendant AOC's Motion to Dismiss the Complaint is **GRANTED**, and Plaintiff's claims under the Due Process Clause and the Equal Protection Clause are **DISMISSED**. The Complaint is dismissed **WITHOUT PREJUDICE** to the filing of a proposed amended complaint within 30 days.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: March 28, 2019