**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADEL MIKHAEIL,<br><br>                        Plaintiff,<br><br>                   v.<br><br>NEW JERSEY ADMINISTRATIVE OFFICE<br>OF THE COURTS et al.,<br><br>                        Defendants. | Civil Action No. 18-8313 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on its review of pro se Plaintiff Adel Mikhaeil's ("Plaintiff") application to proceed *in forma pauperis* (ECF No. 33) and its *sua sponte* screening of Plaintiff's Second Amended Complaint (ECF No. 30). As Plaintiff has shown that he is entitled to proceed *in forma pauperis* in this matter, his application will be granted. This Court is therefore required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, or fails to state a basis for relief. For the reasons set forth below, the Court will dismiss Plaintiff's Second Amended Complaint.

**I.    BACKGROUND**

As the Court summarized the procedural history of this matter in its memorandum opinion addressing Plaintiff's First Amended Complaint (*see* ECF No. 28 at 2-4), only a brief recitation of the facts alleged in Plaintiff's Second Amended Complaint is necessary to provide context for this Court's opinion. According to the Second Amended Complaint, Plaintiff pled guilty to charges of criminal conspiracy, official misconduct, and theft by deception on January 7, 2015. (ECF No. 30

at 2.) This guilty plea was entered pursuant to a plea agreement in which Plaintiff agreed to plead guilty in exchange for a five-year prison sentence "with the proviso that after serving six months[,] he would be allowed to enter the ISP Program ["ISP"]."[1] (*Id.* at 3.) After he served six months of his sentence, Plaintiff filed for entry into the ISP. Plaintiff's request to be placed into the ISP was denied as the ISP's panel found that (1) Plaintiff's offense was "of such a nature that consideration for the ISP would depreciate the seriousness of the offense," (2) Plaintiff's "needs exceed[] the scope and resources of the program," and (3) Plaintiff exhibited an "[a]bsence of sincerity and motivation needed to carry out" the ISP's objectives. (*Id.* at 3.) Plaintiff reapplied a year later but was again denied entry on the same grounds. (*Id.*) In that denial, however, Plaintiff was also informed that, pursuant to an order of the Chief Justice of the New Jersey Supreme Court, there was no available administrative or judicial appeal process for those who felt they had wrongly been denied ISP access. (*Id.* at 3-4.) Based on these denials, and because his co-defendant who Plaintiff asserts without elaboration was "similarly situated" to him was granted ISP access, Plaintiff seeks to bring suit based on his belief that his denial of ISP was both a denial of his constitutional rights to Due Process and Equal Protection. (*Id.* at 3-5.) Plaintiff names as Defendants three individuals: Ralph Esposito, named as the Chief of the ISP who Plaintiff believes was responsible for his denial; Judge Glenn A. Grant, the Administrative Director of the New

---

[1] The opinion of the Superior Court of New Jersey – Appellate Division affirming the denial of Petitioner's post-conviction relief petition related to these criminal charges paints a somewhat different picture of Plaintiff's plea agreement. *See State v. Mikhaeil*, 2019 WL 385698 (N.J. App. Div. Jan. 31, 2019). According to that opinion, Plaintiff's plea agreement did not promise Plaintiff entry into the ISP after six months, but instead stated that the prosecutor agreed "not to object to the defendant's admission into the [ISP] . . . should he be deemed a suitable candidate for ISP" and provided that he did not file his request to enter ISP until he served at least six months of his sentence, including jail credits. *Id.* at *1. The state courts, in rejecting Plaintiff's post-conviction relief petition and appeal therefrom thus explicitly found that Plaintiff's "assertions that he was guaranteed that he would be admitted into ISP after serving [six] months [was] not supported by the comprehensive record" of his criminal proceedings. *Id.* at *3.

2

Jersey Courts who Plaintiff believes is responsible for unspecified policies resulting in his denial of ISP, and Jennifer M. Perez, a state court employee who Plaintiff also contends was involved in the adoption of these unspecified policies. (*Id.* at 2-5.)

## II. LEGAL STANDARD

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff will be granted *in forma pauperis* status in this matter. Pursuant to this statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

3

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . [be] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. **DISCUSSION**

In this matter, Plaintiff seeks to bring two claims arising from the denial of access to the ISP—a claim in which he asserts that he was denied due process as a result of the denial and a claim in which he asserts that his being denied while his co-defendant was not amounts to a denial of equal protection. Turning first to Plaintiff's Due Process claim, as this Court explained at length in its opinion granting the motion to dismiss filed by a previously named Defendant, Plaintiff has no protected liberty interest sufficient to trigger Due Process protections in either being able to enter the ISP, or in being able to appeal the denial of ISP by state officials. (*See* ECF No. 21 at 4-7.) As Plaintiff has no protected liberty interest in the ISP or his appeal of the denial of entry into the ISP, his Due Process claim premised on those issues against Defendants must be dismissed with prejudice. *See, e.g., Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[w]e need reach the

question of what process is due only if the [plaintiffs] establish a constitutionally protected liberty interest").

Plaintiff's Equal Protection claim fares no better. As this Court previously explained, to state a claim for relief for a denial of a plaintiff's Equal Protection rights, the plaintiff must plead facts showing that he was "treated differently from other similarly situated [persons], and that this different treatment was the result of intentional discrimination based on his membership in a protected group." *Watlington ex. rel. FCI Schuylkill African Am. Inmates v. Reigel*, 723 F. App'x 137, 139 (3d Cir. 2018). Alternatively, an individual can also proceed on an equal protection claim under a "class of one" theory where he does not allege discrimination based on his belonging to a protected class but instead by showing that he was treated differently from others similarly situated without a rational basis for this difference in treatment. *See, e.g., Wofford v. Lanigan*, No. 14-5723, 2015 WL 9480016, at *5 (D.N.J. Dec. 28, 2015) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000)). As entry into the ISP is discretionary and based on each prisoner's individual characteristics, a plaintiff must allege adequate facts to raise a plausible claim that two prisoners are "similarly situated" sufficient to support an equal protection challenge premised on denial of access to the ISP. *See Faruq v. McCollum*, No. 11-5987, 2013 WL 3283942, at *6 (D.N.J. June 25, 2013); *see also Johnson v. Paparozzi*, 219 F. Supp. 2d 635, 644 (D.N.J. 2002); *Rowe v. Cuyler*, 534 F. Supp. 297, 301 (E.D. Pa. 1982), *aff'd*, 696 F.2d 985 (3d Cir. 1982) (Table).

Here, Plaintiff has made no effort whatsoever to show that his co-defendant was similarly situated, and instead relies only on a bald assertion of similarity presumably premised on their having similar convictions at similar times. As Plaintiff has not pled facts which would actually indicate that he and his co-defendant were similarly situated, Plaintiff has failed to plead a cognizable claim for relief arising out of the Equal Protection Clause, and his Equal Protection claim is therefore dismissed without prejudice.

IV.  **CONCLUSION**

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 33) is **GRANTED**, and Plaintiff's Second Amended Complaint (ECF No. 30) is **DISMISSED.** An order consistent with this Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
